# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  January 29, 2019

```
* * * * * * * * * * * * *
ANGELA VIGLIOTTI,              *      UNPUBLISHED
                              *
              Petitioner,      *      No. 12-281V
                              *      Special Master Gowen
v.                            *
                              *      Attorneys' Fees and Costs
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                              *
              Respondent.      *
* * * * * * * * * * * * *
```

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 30, 2018, Angela Vigliotti ("Petitioner") filed a motion for final attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 153). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$22,837.24**.

### I.      Procedural History

On May 3, 2012, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that she suffers from multiple sclerosis ("MS") that was either caused-in-fact or significantly aggravated by an influenza ("flu") vaccine she received on September 8, 2010. Petition at Preamble. The parties filed a Stipulation on May

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

31, 2018 (ECF No. 146), which I adopted as my Decision awarding damages on the same day. (ECF No. 147).

On October 30, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Mark Sadaka, in the total amount of $22,837.24, representing $14,895.66 in attorneys' fees and $7,941.58 in costs. Fees App. Ex. A. at 8-9. Pursuant to General Order No. 9, Petitioner indicates that she has not personally incurred any costs in this litigation. Previously in this case, Petitioner was granted an award of interim attorneys' fees and costs. *See Vigliotti v. Sec'y of Health & Human Servs.*, No. 12-281V, 2017 WL 4585831 (Fed. Cl. Spec. Mstr. Sept. 19, 2017).

Respondent reacted to the fees motion on November 5, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 154). Petitioner filed a Reply on November 12, 2018, reiterating her belief that the requested amount of fees and costs is reasonable. ECF No. 155. The matter is now ripe for adjudication.

## II.   **Analysis**

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorney's fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   **Attorneys' Fees**

Petitioner requests that her attorney, Mr. Mark Sadaka, be compensated for work performed in 2017 at $376.38 per hour and for work performed in 2018 at $396.00 per hour, and that paralegals be compensated for work in 2017 at $145.17 per hour and for work in 2018 at $150.55 per hour. Fees App. at 14. I find that the requested rates are in conformance with what Mr. Sadaka and his paralegals have consistently been awarded for their work in the Vaccine Program. Accordingly, no adjustment to the requested rates is necessary.

I also find the hours expended on this matter (46.4) to be reasonable. The billing records clearly reflect the nature of the work being performed, and Respondent has not identified any particular billing entries as objectionable. Petitioner is therefore entitled to the full amount of

attorneys' fees sought, **$14,895.66**.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,941.58. The majority of this amount ($7,875.00) is for the expert services of Dr. Lawrence Steinman in preparing an expert report. The submitted records indicate that Dr. Steinman spent 15.75 hours in reviewing medical records and literature and preparing his report and billed his time at $500.00 per hour. This rate is consistent with what Dr. Steinman has previously been awarded, and I find the hours billed to be reasonable. Accordingly, this cost shall be reimbursed in full. The remainder of the requested costs are for mailing documents, and Petitioner has provided adequate documentation of all costs. Petitioner is therefore entitled to the full amount of attorneys' costs sought, **$7,941.58**.

### III.  Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,895.66 |
| (Reduction of fees) | - |
| **Total Attorneys' Fees Awarded** | **$14,895.66** |
| | |
| Attorneys' Costs Requested | $7,941.58 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,941.58** |
| | |
| **Total Amount Awarded** | **$22,837.24** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $22,837.24, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Mark Sadaka.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master